Robert B. Cummings (SBN 13186)
THE SALT LAKE LAWYERS
10 Exchange Place, Suite 622
Salt Lake City, UT 84111
T: (801) 590-7555
F: (801) 384-0825
E: robert@thesaltlakelawyer.com

Skye Lazaro (SBN 14071)
LAZARO LAW GROUP
405 South Main Street, Ste. 930
Salt Lake City, Utah 84111
T: (801) 559-0055
F: (801) 606-2744
E: skye@lazarolegal.com

*Attorneys for Plaintiff Brendan Cheesebrough*

_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| BRENDAN CHEESEBROUGH, an individual,<br><br>   Plaintiff,<br><br>UTAH STATE HOSPITAL; Lacey Cobbley, in her official and individual capacity; and DOES 1-10,<br><br>   Defendants. | **COMPLAINT AND JURY DEMAND (VIOLATION OF CIVIL RIGHTS)**<br><br>   Civil No. _____<br><br>   Judge _____ |

Plaintiff Brendan Cheesebrough ("Mr. Cheesebrough"), by and through his undersigned counsel of record, hereby complains of Defendants Utah State Hospital ("USH"), Lacey Cobbley ("Ms. Cobbley"), and Does 1-10, (collectively herein as

"Defendants") and allege as follows:

## PARTIES

1. Plaintiff Brendan Cheesebrough is a resident of Taylorsville, Utah.

2. Defendant Utah State Hospital is a Utah State government entity, with its headquarters located in Provo, Utah.

3. Defendant Lacey Cobbley is believed to be a resident of Lehi, Utah.  Ms. Cobbley is a board certified registered nurse and began working for the Utah State Hospital in September 2012.[1]  Ms. Cobbley was employed by all times relevant to this complaint by USH.  She is sued in both her individual and professional capacities.

4. Defendant Does 1-10 are individuals yet to be identified who have participated in and facilitated Defendants' unlawful activities.

5. Each of the fictitiously named Defendants is liable in some manner, either by wrongful act, omission, and/or negligence or otherwise, for the occurrences alleged and that the injuries alleged, in part or in whole, were legally caused by the conduct of the fictitiously named Defendants.

6. Upon information and belief, at all material times, each of the Defendants were, or may have been, an agent, servant, employer, employee, joint venture, partner, and/or alter ego of one or more of each of the remaining Defendants, and were at all

---

[1] These facts are derived from the Verified Petition filed in the matter of the license of Lacey Lee Cobbley to practice as a registered nurse in the state of Utah, Case No. DOPL 2014-643.

times acting within the purpose and scope of such agency, servitude, joint venture, alter ego, partnership or employment, and with the authority, consent, approval and/or ratification of each remaining Defendant.

## JURISDICTION AND VENUE

7. This action arises under the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983. Accordingly, the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

8. The claims made in this Complaint occurred and arose in Salt Lake County, State of Utah. Accordingly, venue is proper under 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

### I. The Sexual Incident Between Ms. Cobbley and Mr. Cheesebrough

9. Mr. Cheesebrough was facing charges in Salt Lake County, West Jordan District Court (Case No. 121401208).

10. In July of 2013, during his incarceration, the Honorable Mark Kouris ordered that Mr. Cheesebrough undergo a competency review.

11. On or around August 29, 2013, the court found Mr. Cheesebrough to be "not competent [to stand trial] but [] restorable." *State v. Cheesebrough*, No. 121401208. He was then transferred to USH.

12. Mr. Cheesebrough remained in USH until April 9, 2014.

13. For nearly eight months, Mr. Cheesebrough was deemed incompetent and held in USH.

14. While incarcerated, Mr. Cheesebrough met Ms. Cobbley, a nurse at USH.

3

15. Mr. Cheesebrough was a patient of Ms. Cobbley's.

16. Ms. Cobbley began to sexually abuse, assault, and molest Mr. Cheesebrough within two months of his transfer to USH. She would enter his room late at night, and engaged in lude and sexual acts.

17. Mr. Cheesebrough was mentally defective during his time at USH, as his transfer to USH was a result of his inability to stand trial. Therefore, Mr. Cheesebrough was incapable of consenting to sexual acts with Ms. Cobbley.

### II. Following the Incident

18. USH soon became aware of Ms. Cobbley's alleged conduct. When approached by USH, she blatantly lied about any and all interactions with Mr. Cheesebrough.

19. The Department of Professional Licensing ("DOPL") file contains allegations that Ms. Cobbley "was deceptive and misleading … by initially indicating to staff members that she did not know and she did not have any interaction with" Mr. Cheesebrough.

20. Ms. Cobbley continued to lie when she was confronted, yet again, with the allegations of sexual abuse, assault, and molestation of Mr. Cheesebrough.

21. Eventually, Ms. Cobbley admitted that she had sexually assaulted and molested Mr. Cheesebrough while he was incompetent.

22. On or around May 12, 2015, Ms. Cobbley's license to practice as a registered nurse was revoked by DOPL. At that same time, Ms. Cobbley entered into a Stipulation and Order with DOPL on May 12, 2015. DOPL made the following findings

of fact: "In September 2014 [she] made misleading statements to her employer regarding an inappropriate relationship she had with a male patient, . . . whom [she] treated while she worked as a nurse at the Utah State Hospital" and that she "maintained contact with [Mr. Cheesebrough] after he was released from the Utah State Hospital[.]" Her license was placed on probation for five years with specific conditions and restrictions.

23.     The DOPL meeting minutes from June 1, 2015 read, "While neither admitting nor denying the Division's findings of fact, [Ms. Cobbley] agreed." Whether she admitted nor denied, the evidence of her actions was enough to cause DOPL to place her license on probation.

24.     DOPL continued to regularly discuss the status of Ms. Cobbley's license during the Board of Nursing meetings. As a condition of her probation, she was unable to work overnights. In January of 2016, Ms. Cobbley's probation was amended to allow her to begin working overnight shifts once again.

25.     On May 31, 2017, Ms. Cobbley's license to practice as a registered nurse was reinstated with full privileges.

26.     Despite DOPL's findings, Ms. Cobbley is now back to work. By allowing Ms. Cobbley to return to work, USH is exposing its patients to a dangerous and harmful individual.

**FIRST CAUSE OF ACTION**
**(Violation of Civil Rights 42 U.S.C. § 1983 against Defendants Lacey Lee Cobbley, Utah State Hospital, and Does 1 through 10)**

27.     Plaintiff incorporates all of the allegations in this Complaint as though

5

fully set forth in this cause of action.

28. At all times relevant to this action, Ms. Cobbley was employed by USH, was acting as a licensed registered nurse under the state of Utah, and actively and personally caused the violations of Mr. Cheesebrough's constitutional rights.

29. Mr. Cheesebrough was transferred to USH due to his inability to stand trial and was under the care of USH at all times during the sexual assault of Mr. Cheesebrough.

30. During Mr. Cheesebrough's incarceration and treatment in USH, he was unable to consent to the sexual activities and advances performed on him by the Defendant.

31. Any reasonable person in Defendant's place would have known that Defendant's actions as described above would deprive Plaintiff of rights secured by the United States Constitution.

32. As a direct result of Defendant's actions, Plaintiff suffered physical and emotional injury and deprivation of his constitutionally protected rights and is, therefore, entitled to and demands declaratory judgment that the aforementioned actions of the Defendant violated his rights protected by the Fourteenth Amendment to the United States Constitution.

33. As a direct result of Defendant's actions, Plaintiff suffered physical and emotional injury and deprivation of his constitutionally protected rights and is entitled to and demands all damages allowable in an amount to be proven at trial.

34. Due to the conduct of Defendants, and each of them, Plaintiffs have

incurred and will continue to incur attorneys' fees, and pursuant to 42 U.S.C. § 1988, are entitled to recovery of costs and fees in pursuing rights for a violation of 42 U.S.C. § 1983.

**SECOND CAUSE OF ACTION**
**(Violation of Civil Rights 42 U.S.C. § 1983 – *Monell* –Utah State Hospital)**

35. Plaintiff incorporates all of the allegations in this Complaint as though fully set forth in this cause of action.

36. At all times relevant to this action, Ms. Cobbley was employed by USH, was acting as a licensed registered nurse under the state of Utah, and actively and personally caused the violations of Mr. Cheesebrough's constitutional rights.

37. Mr. Cheesebrough was transferred to USH due to his inability to stand trial and was under the care of USH at all times during the sexual assault of Mr. Cheesebrough.

38. During Mr. Cheesebrough's incarceration and treatment in USH, he was unable to consent to the sexual activities and advances performed on him by the Defendant.

39. Any reasonable person in Defendant's place would have known that Defendant's actions as described above would deprive Plaintiff of rights secured by the United States Constitution.

40. Because of this, upon information and belief, Plaintiff believes that USH acted with deliberate indifference to Plaintiff's protection while in its care, failed to have necessary security systems implemented for his protection, and therefore based upon

7

the principles set forth in *Monell v. New York City Dept. of Social Services*, USH is liable for all the injuries sustained by Plaintiff as set forth above.

41. As a direct result of Defendant's actions, Plaintiff suffered physical and emotional injury and deprivation of his constitutionally protected rights and is, therefore, entitled to and demands declaratory judgment that the aforementioned actions of the Defendant violated his rights protected by the Fourteenth Amendment to the United States Constitution.

42. As a direct result of Defendant's actions, Plaintiff suffered physical and emotional injury and deprivation of his constitutionally protected rights and is entitled to and demands all damages allowable in an amount to be proven at trial.

43. Due to the conduct of Defendants, and each of them, Plaintiffs have incurred and will continue to incur attorneys' fees, and pursuant to 42 U.S.C. § 1988, are entitled to recovery of costs and fees in pursuing rights for a violation of 42 U.S.C. § 1983.

**THIRD CAUSE OF ACTION**
**(Negligent Infliction of Emotional Distress against Defendants Utah State Hospital and Does 1 through 10)**

44. Plaintiff incorporates all of the allegations in this Complaint as though fully set forth in this cause of action.

45. Defendant Ms. Cobbley owed Mr. Cheesebrough a duty of reasonable care, as a professional employed by USH and in her individual capacity.

46. Defendant Ms. Cobbley breached that duty when she sexually assaulted Mr. Cheesebrough while he was mentally incapacitated. Ms. Cobbley was fully aware, as

a professional and an individual, that Mr. Cheesebrough was incapacitated.

47. Mr. Cheesebrough has suffered emotional and physical harm as a direct result of the sexual assault by Ms. Cobbley.

48. Defendant USH owed Mr. Cheesebrough a duty of reasonable care; specifically, by protecting its patients from harm, including the violations described herein, and ensuring its employees, such as Defendant Ms. Cobbley, fulfill their duty of reasonable care owed to Mr. Cheesebrough.

49. Ms. Cobbley was an employee of USH and under the supervision of USH at all times relevant to this complaint.

50. USH breached that duty when it deprived Mr. Cheesebrough of his liberty.

51. Mr. Cheesebrough suffered emotional and physical harm due to the breach of USH's duty of reasonable care owed to Mr. Cheesebrough.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Brendan Cheesebrough prays for judgment as against DEFENDANTS as follows:

1. For special damages in an amount to be determined at trial;

2. For general damages in an amount to be determined at trial;

3. For pre- and post-judgment interest on all special damages pursuant to Utah law;

4. For costs and attorneys' fees to the extent allowed by law; and

5. For such and further relief as the Court deems just and proper.

DATED this 8th day of January, 2018.

        THE SALT LAKE LAWYERS

        /s/Robert B. Cummings
        Robert B. Cummings

        LAZARO LAW GROUP

        /s/Skye Lazaro
        Skye Lazaro

        *Attorneys for Plaintiff Brendan Cheesebrough*

Plaintiff's Address:

Brendan Cheesebrough
c/o THE SALT LAKE LAWYERS
10 Exchange Place, Suite 622
Salt Lake City, UT 84111